MARY DEYO, Respondent, *v.* RUTLAND RAILROAD COMPANY, Appellant.

*Negligence — railroads — accumulated ice upon car step — passenger who slips thereon and is injured may recover.*

Deyo v. *Rutland R. R. Co.*, 202 App. Div. 859, affirmed.

(Argued January 24, 1923; decided February 27, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 27, 1922, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained through the negligence of defendant. Plaintiff, a passenger upon one of defendant's trains, while attempting to alight at a station slipped upon ice which had accumulated upon one of the car steps and, falling, received the injuries complained of.

*John M. Cantwell* and *E. W. Lawrence* for appellant.
*John E. Judge* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and CRANE, JJ. Absent: ANDREWS, J.

---

ABRAM B. SMART, Respondent, *v.* FRANK CORON, Appellant.

*Negligence — motor vehicles — collision between automobile and motor truck — recovery for personal injuries.*

*Smart* v. *Coron*, 201 App. Div. 861, affirmed.

(Argued January 25, 1923; decided February 27, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 27, 1922, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant in a collision between an automobile upon which the plaintiff was riding and the defendant's truck. The accident occurred after dark and there was testimony that the truck was running upon its left or wrong side of the road.

*Anthony J. Ernest* and *George B. Hanavan* for appellant.
*Theodore H. Lord* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and CRANE, JJ.   Absent: ANDREWS, J.

---

MARJORIE F. REINBERG, Appellant, *v.* NEW YORK LIFE INSURANCE COMPANY, Respondent.

*Insurance — provision in policy of life insurance for double insurance in event of death from accident while riding as passenger on train — insured killed while attempting to board passenger train — beneficiary may not recover double indemnity.*

*Reinberg* v. *N. Y. Life Ins. Co.*, 201 App. Div. 858, affirmed.

(Argued January 25, 1923; decided February 27, 1923.)

APPEAL from a judgment, entered April 29, 1922, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived, and directing a dismissal of the complaint. The action was to recover upon a policy of life insurance. The policy provided for the payment of the face thereof upon receipt of due proof of the insured's death, or double its face upon receipt of due proof that such death was caused " directly by accident while traveling as a passenger on a * * * railway train * * * or other public conveyance operated by a common carrier." The insured, while attempting to board a passenger train of the New York Central railroad as it was moving out of the Tarrytown station, grasped the handrail or grab bar at the side of the car steps and after running for some distance along the platform, but without getting either foot on the steps, lost his hold, fell under the train and was killed. The plaintiff submitted proofs of the insured's death and claimed the double indemnity on the ground that such death was caused directly by accident while traveling as a passenger on the train. The defendant claimed that the insured was at no time traveling as a passenger on the